UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SASSY SCISSOR CUTS, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00657 AWI JLT<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS, INCLUDING DISMISSAL OF THE ACTION, SHOULD NOT BE IMPOSED FOR THE PARTIES FAILURE TO COMPLY WITH THE ORDERS OF THE COURT |

On April 9, 2012, the parties notified the Court that the matter had been settled. (Doc. 24) Thereafter, the Court issued an order after settlement (Doc. 25) requiring that no later than May 25, 2012, the parties would file a stipulated dismissal of the entire action. Nevertheless, the parties failed to comply.

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice or issued other sanctions, based on a party's failure to obey a court order, or failure to comply with local rules. See, e.g. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130

1

(9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

      Accordingly, the parties are ORDERED to show cause within 14 days of the date of service of this Order why the action should not be dismissed and/or other sanctions imposed for their failure to comply with the orders of the Court.

IT IS SO ORDERED.

Dated: **May 29, 2012**     **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE