Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiffs*
*Coach Inc., and Coach Services, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> SASSY SCISSOR CUTS, an unknown business entity; STACY SALANGE, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. 1:11-cv-00657 AWI (JLT) <br><br> **ORDER RE CONSENT DECREE INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE** |

WHEREAS Plaintiffs Coach, Inc. and Coach Services, Inc. ("Coach") and Defendants **Sassy Scissor Cuts** and **Stacy Salange** (collectively "Defendants") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter.  Defendants, having agreed to consent to the below terms, it is hereby **ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

1. This Court has jurisdiction over the parties to this Final Decree and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components (collectively "Coach Marks"). Coach Marks include *but are not limited to* the following marks:

| Mark | U.S. Registration No(s). | Registration Date |
|---|---|---|
| "COACH" | 751, 493 | 06/25/1963 |
| | 1,071,000 | 08/09/1977 |
| | 2,088,706 | 08/19/1997 |
| | 3,157,972 | 10/17/2006 |
| *Coach est.1941* | 3,413,536 | 04/15/2008 |
| [COACH est.1941 circular logo] | 3,251,315 | 06/12/2007 |
| [Horse and carriage COACH LEATHERWARE EST. 1941] | 3,441,671 | 06/03/2008 |
| COACH | 2,252,847 | 06/15/1999 |
| | 2,534,429 | 01/29/2002 |
| COACH | 1,309,779 | 12/18/1984 |
| | 2,045,676 | 03/18/1997 |
| | 2,169,808 | 06/30/1998 |
| Signature "C" Logo | 2,592,963 | 07/09/2002 |
| | 2,626,565 | 09/24/2002 |
| | 2,822,318 | 03/16/2004 |
| | 2,832,589 | 04/13/2004 |
| | 2,822,629 | 03/16/2004 |
| | 3,695,290 | 10/13/2009 |
| Coach "Op Art" Mark | 3,696,470 | 10/13/2009 |

| | | |
|---|---|---|
| (mark image) | 3,012,585 | 11/08/2005 |
| (mark image) | 3,338,048 | 11/11/2007 |
| (mark image) | 2,162,303 | 06/02/1998 |
| (mark image) | 2,088,707 | 08/19/1997 |

3. Plaintiffs have alleged that Defendants' purchase and sale of counterfeit Coach products which infringe upon one or more of the Coach Marks constitutes trademark infringement, trademark dilution, and unfair competition the Lanham Trademark Act, 15 U.S.C. § 1051, et. seq. and under the common law.

4. Defendants and their agents, servants, employees and all persons in active concert and participation with her who receive actual notice of this Final Decree are hereby permanently restrained and enjoined from infringing upon the Coach Marks, either directly or contributorily, in any manner, including but not limited to:

(a) Manufacturing, importing, purchasing, distributing, advertising, offering for sale, and/or selling any products which bear marks/designs identical, substantially similar, and/or confusingly similar to the Coach Marks;

(b) Using the Coach Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise;

(c) Passing off, inducing or enabling others to sell or pass off any products or other items that are not Coach's genuine merchandise as genuine Coach merchandise;

(d) Leasing space to any tenant who is engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, marketing of products which bear marks/designs identical, substantially similar, and/or confusingly similar to the Coach Marks;

(e) Committing any other acts calculated to cause purchasers to believe that Defendants' products are Coach's genuine merchandise unless they are such;

(f) Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the Coach Marks, or any reproduction, counterfeit, copy or colorable imitation thereof; and

(g) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 4(a) to 4(f) above.

5. Plaintiffs and Defendants shall bear their own costs associated with this action.

6. The execution of this Final Decree shall serve to bind and obligate the parties hereto.

7. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Decree, the enforcement thereof and the punishment of any violations thereof.  Except as otherwise provided herein, this action is fully resolved with prejudice.

IT IS SO ORDERED.

Dated:  June 1, 2012                              _____
                                                 CHIEF UNITED STATES DISTRICT JUDGE